IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 99-CR-012-TCK |
| v. | ) |
| | ) |
| WILLIE COBB, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant's "Application for an Order Reducing or Modifying Sentence Pursuant to Rule 35(b) Federal Rule Criminal Procedure" (Doc. 176).

**I.   Background**

In December 1998 and January 1999, Defendant Willie Cobb and two co-defendants, Estac Love and Stacey Malone, committed a series of armed robberies, carjackings, and attempted armed robberies. Among other crimes, on December 21, 1998, Cobb, Love and Malone carjacked an employee of a U.S. Express check cashing business, bound and duct-taped her parents and seven-year-old son, and forced her to unlock the U.S. Express location so they could steal thousands of dollars. On January 5, 1999, the three attempted to rob a Grandy's restaurant by brandishing a firearm. On January 28, 1999, they attempted to carjack a truck from an employee of a different U.S. Express location, and attempted to commit an armed robbery of that location.

After all three defendants were named in a fourteen-count indictment, Cobb entered a plea agreement with the government, under which he pleaded guilty to one count of Hobbs Act Robbery and one § 924(c) count. The parties agreed, under Fed. R. Crim. P. 11(e)(1)(C), that the appropriate

sentence for Cobb should be 22 years (264 months). As part of the plea agreement, Cobb waived his appellate and post-conviction rights and agreed to testify against his co-defendants. The plea agreement did not include a provision for a downward departure under U.S.S.G. § 5K1.1 for Cobb's cooperation; rather, Cobb's cooperation was factored into the 22-year sentence recommended under 11(e)(1)(C). At the scheduled sentencing hearing, this Court rejected the 11(e)(1)(C) recommendation, stating that the agreed-upon sentence was too low, and gave Cobb time to decide whether to withdraw his plea of guilty or enter into another plea agreement with the government. The parties reached a new 11(e)(1)(C) plea agreement with an agreed-upon sentence of 25 years. At Cobb's second sentencing hearing, the Court permitted him to withdraw his prior guilty plea and accepted his new plea agreement. On July 22, 1999, the Court sentenced Cobb to a total of 300 months imprisonment, comprised of consecutive sentences of 63 months as to Count Four and 237 months as to Count Five. In contrast, Stacey Malone and Estac Love, who did not plead guilty or cooperate with the government, received sentences of 781 months and 1752 months, respectively.

## II.     Motion to Reduce Sentence

Rule 35(b) provides:

(b) Reducing a Sentence for Substantial Assistance.
(1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
(2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
(A) information not known to the defendant until one year or more after sentencing;
(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly

> provided to the government after its usefulness was reasonably apparent to the defendant.

Cobb requests that the Court reduce his sentence pursuant to Rule 35(b) based on substantial assistance provided in conjunction with a jailhouse murder occurring in 2004:

> [I] gave some significant information that helped the Government in the investigation of a murder then happened at F.C.I. El Reno in 2004. . . .Defendant gave pertinent information to (SA) Doug Samuel who were investigating the murder. (SA) Doug Samuel told [me] that he would see that [I] will be rewarded with [my] freedom if [I] assist the Government with their investigation.

(Mot. to Reduce Sentence at 6-7.)[1]

Defendant's motion fails for at least two reasons. First, Rule 35(b) motions must be filed by the government and may not be filed by a defendant. *See Wade v. United States*, 504 U.S. 181, 185 (1992) (discussing the "Government-motion requirement" for motions for reduction of sentence based on substantial assistance); *United States v. Duncan*, 242 F.3d 940, 944 (10th Cir. 2001) ("As a general rule, a district court's authority to consider a defendant's substantial assistance claim at sentencing is conditioned upon a prior motion of the government."); 3 Wright and Welling, *Federal Practice and Procedure* § 614 (4th ed. 2011) ("A defendant may not move to reduce his sentence under Rule 35(b), nor may a court reduce a sentence under Rule 35(b) on its own; a government motion is required."). The Court is without authority to grant a Rule 35(b) motion in the absence of a government motion.

---

[1] In his reply, Defendant abandoned any claim premised upon his assistance in prosecuting his co-defendants and limited his claim to the above-described assistance, which was provided in 2004. (*See* Reply in Support of Mot. to Reduce Sentence at 2 ("Defendant will concede to his request for a sentence reduction based upon his past cooperation in ground one. However, defendant still believes that he deserve[s] a sentence reduction based upon his information that he provided about a murder at FCI-El Reno in 2004.").)

Second, construing Defendant's Rule 35(b) as a challenge to the United States' refusal to file a motion for sentence reduction, such challenge also fails. "[A] district court's authority to review the government's refusal to file a substantial assistance motion is limited to determining whether the decision was: (1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." *Duncan*, 242 F.3d at 947. Defendant has failed to allege any unconstitutional motive, and the United States has shown that its failure to file a Rule 35 motion was rationally related to a legitimate government end. The United States submitted the affidavit of Special Agent Douglas Samuels. Special Agent Samuels stated:

> In late 2004, I investigated a homicide at FCI-El Reno. In the course of that investigation, I met Willie Cobb, a prisoner who came forward with information about the homicide. Although Mr. Cobb provided truthful information about the individuals involved in the homicide, that information did not lead to the prosecution or conviction of any of those individuals. As a result of having provided information to the government, Mr. Cobb received threats that led him to be transferred from FCI-El Reno to another BOP facility.
>
> I have reviewed Mr. Cobb's Rule 35(b) motion. Contrary to Mr. Cobb's allegation, I never told him that I would see that he would "be rewarded with his freedom" for assisting the government in its investigation. Nor did I tell Mr. Cobb's mother that I "would get her son out of prison because of his assistance," or tell Mr. Cobb that I would "have the Government to file a Rule 35(b) motion upon his behalf." Rather, I told Mr. Cobb I would provide prosecutors of his assistance.
>
> In short, Mr. Cobb did provide assistance in the investigation, and I passed information about his assistance along to the United States Attorney's Office for the Western District of Oklahoma. However, the United States Attorney's Office determined that Mr. Cobb's assistance was not sufficient to warrant a Rule 35 motion.

(Resp. to Mot. to Reduce Sentence, Ex. A.) Based on this evidence, the Court finds that the United States' failure to move for reduction of sentence was "based not on a failure to acknowledge or appreciate the defendant's help, but simply on its rational assessment of the cost and benefit that would flow from moving." *Duncan*, 242 F.3d at 949.

4

### III. Conclusion

Defendant's "Application for an Order Reducing or Modifying Sentence Pursuant to Rule 35(b) Federal Rule Criminal Procedure" (Doc. 176) is DENIED, and Defendant's motion for appointment of counsel (Doc. 177) is DENIED as moot.

**SO ORDERED** this 19th day of August, 2013.

**TERENCE KERN**
**United States District Judge**